UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.H. Jr., <br><br>        Plaintiff, <br><br>    v. <br><br>COMISSIONER OF SOCIAL SECURITY, et. al. <br><br>        Defendants. | Case No.: 1:12-cv-00022 - JLT <br><br> ORDER GRANTING MOTION TO APPOINT FELISHA OWENS AS GUARDIAN AD LITEM FOR MINOR L.H., Jr. <br><br> (Doc. 12) |

On May 11, 2012, Plaintiff L.H. Jr., filed a motion to appoint Felisha Owens as his guardian ad litem in this action. (Doc. 12). For the following reasons, the motion for the appointment of a guardian ad litem is **GRANTED**.

**I.     Procedural History**

Plaintiff initiated this action seeking judicial review of the administrative decision denying his claim for Social Security benefits. (Doc. 1). Plaintiff asserts the administrative law judge erred in finding he was not disabled within the meeting of the Social Security Act. *Id.* at 4. On May 2, 2012, the Court issued an order to show cause why the action should not be dismissed because Plaintiff is an unrepresented minor and lacks the capacity to sue. (Doc. 11). In response, Plaintiff filed the motion now pending before the Court on May 11, 2012. (Doc. 12).

///

## II. Legal Standard

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*.

The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, Plaintiff resides in Kern County, California (Doc. 2), and the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

## III. Discussion

Plaintiff is the son of Felisha Owens, and was born on December 22, 1997. (Doc. 12 at 1). Because Plaintiff is under the age of eighteen, he is a minor under California law. *See* Cal. Fam. Code § 6502. Therefore, as a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem.

Upon review of the Complaint, it does not appear there are adverse interests. Ms. Owens does not have competing claims with Plaintiff, because the only claim in this action is for review of the decision denying Plaintiff's claim for benefits. Therefore, Ms. Owens' appointment as guardian ad litem for her son is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as

2

the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

**IV.     Conclusion and Order**

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).  Here, it does not appear Ms. Owens has interests that conflict with the interest of her son.  Therefore, the Court is acting within its discretion to grant Plaintiff's application.

Accordingly, **IT IS HEREBY ORDERED**:

1. The motion for appointment of Felisha Owens as guardian ad litem for Plaintiff L.H. Jr., is **GRANTED**; and
2. Felisha Owens is appointed to act as guardian ad litem for Plaintiff, and is authorized to prosecute this action on his behalf.

IT IS SO ORDERED.

Dated:   **May 15, 2012**              **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE

3